UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| ANDRE L. HART, | ) | |
| Plaintiff(s), | ) | No. C06-2519 CW (BZ) |
| v. | ) | |
| J. CELAYA, et al., | ) | **ORDER GRANTING PLAINTIFF'S MOTION TO COMPEL IN PART** |
| Defendant(s). | ) | |

Having reviewed plaintiff's motion to compel discovery filed March 22, 2007, a Joint Stipulation and Order to Withdraw Certain Document Requests from Plaintiff's Motion to Compel entered July 30, 2007 and defendants' Court Ordered Opposition to Plaintiff's Motion to Compel,[1] the court finds no need for a hearing. In my Order dated September 21, 2007 I specifically asked plaintiff to explain, among other things, why a review of his medical file and central file could not solve some of these discovery disputes. He did not file the required explanation. **IT IS HEREBY ORDERED** that plaintiff's

---

[1] The court has never received any reply from plaintiff. One was due October 17, 2007.

1

motion to compel further production is **GRANTED** and **DENIED** as follows:

    1.  **GRANTED** as to **Request No. 1** to the extent that defendants are **ORDERED** to produce by **November 16, 2007** for *in camera* review any complaints claiming that any defendant used improper or excessive force from January 1, 2001 to January 1, 2006.

    2.  **DENIED** as to **Requests No. 5**, **10 and 11.**  Defendants' responses appear adequate.

    3.  With respect to **Request No. 13**, by **November 16, 2007** defendants shall make available for plaintiff's review his medical file and his central file.

    4.  With respect to **Request No. 14**, the court interprets the defendants' response as asserting that they have produced all the requested documents in connection with the summary judgment motion.  As so construed, the motion to compel is **DENIED** as to this request.

    6.  **DENIED** as to **Request No. 15** which is overbroad.

    7.  With respect to **Requests No. 2, 3, 6** and **7**, defendants have properly invoked the official information privilege. See Young v. Hernandez, No. 05-CV-2375 W(CAB), 2007 WL 935594, at *2 (S.D. Cal. March 26, 2007)(citing Kelly v. City of San Jose, 114 F.R.D. 653, 669 (N.D. Cal. 1987) (To assert an official information privilege, the Department must file an objection that specifically states the harm that could result from releasing the requested materials, accompanied by a declaration from a responsible official with personal knowledge of the principal matters to be attested to in the

2

affidavit.)) Once the threshold requirement has been met, the court will order an *in camera* review of the material and balance each party's interests, moderately pre-weighted in favor of disclosure. Id. In performing this balancing test, courts have found that a tightly drawn protective order limiting document access to the litigant's attorneys or experts can permit the court to compel production of the documents without jeopardizing law enforcement efforts or revealing the documents to the public. See Kelly, 114 F.R.D. at 666. Here, however, defendants are aptly concerned that a protective order would be wholly inadequate. (Decl. of Lt. William Muniz in Supp. of Defs.' Resp. To Pl.'s Req. For Produc. Of Docs. of 3/17/07, at 3). Therefore, as to these Requests, defendants shall make the following documents available by **November 16, 2007** for *in camera* review: Operational Procedures 8 and 14, Use of Force Book, Resource Supplement Number 8, Use of Force Critique for incident number SVP-FC7-05-03-0136, Modification Order for inmate appeal log number SVSP-D-05-01465 with corresponding memorandum, and the Confidential Supplement to Appeal log number SVSP-D-05-01465. I will evaluate the documents and issue a further order.

Dated: November 1, 2007

_____
Bernard Zimmerman
United States Magistrate Judge

G:\BZALL\-REFS\HART\MOTION TO COMPEL RULING.wpd